## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

JOHANNA HOLLAND,           §
Plaintiff                  §
                           §        CIVIL ACTION NO.
vs.                        §
                           §        Jury Trial Demanded
LAW OFFICE OF THOMAS       §
LANDIS, LLC, CAVALRY       §
PORTFOLIO SERVICES, LLC    §
AND JOHN DOE CORPORATION   §
Defendants                 §

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1.      This is an action for damages brought by an individual plaintiff for
Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,
et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter
392 (hereinafter "TDCPA") and the Texas Business and Commerce Code,
Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors
from engaging in abusive, deceptive, and unfair practices.

2.      Plaintiff seeks to recover monetary damages for Defendants' violation
of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction
issued by this Court preventing Defendants from continuing its violative behaviors.

3.     Service may be made upon Defendants in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

6.     Plaintiff, Johanna Holland ("Plaintiff"), is a natural person who at all relevant times resided in the State of Texas, County of Harris, and City of Houston.

7.     Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8.     Defendant Law Office of Thomas Landis, LLC ("Landis") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9.      Landis is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

10.     Defendant, Cavalry Portfolio Services, LLC ("CPS") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff .

11.     CPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

12.     Defendant, John Doe Corporation, ("JDC") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

13.     JDC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

14.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Landis and JDC.

15.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Landis and JDC, arises from a transaction

in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

16.     Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

17.     Landis uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

18.     JDC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

19.     CPS purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

20.     CPS acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

21.     CPS is thoroughly enmeshed in the debt collection business, and CPS is a significant participant in Landis and JDC's debt collection process.

22.     In January of 2011, Plaintiff was contacted by the Landis, itself and on behalf of CPS, and at such time, Plaintiff agreed to pay $350.00 in full and final settlement for an alleged debt owned by CPS.

23.     On January 29, 2011, Landis, via its agent and/or employee "Nancy," confirmed the receipt of Plaintiff's $350.00 payment.

24.     During the conversation on January 29, 2011, Nancy informed Plaintiff that she was sending a letter to CPS along with the payment to inform CPS that the debt had been settled.

25.     Plaintiff called Landis in February, March, and April 2011, and in each such instance, requested a letter stating the debt had been paid in full.

26.     Defendant Landis refused all such requests by Plaintiff.

27.     In connection with collection of an alleged debt in default, despite the agreement to settle the debt in full, CPS reported the debt as delinquent on April 23, 2011.

28.     At the beginning of May 2011, Plaintiff called Landis, again, to request a statement evidencing that the debt had been paid in full.

29.     During her conversation in May 2011, Plaintiff spoke with Nancy, who informed Plaintiff that her file with their office had been closed since January, so she could not and would not send a letter stating the debt was paid in full.

30. Plaintiff called Landis on May 19, 2011, and at such time, asked to speak to Nancy's supervisor.

31. Plaintiff was transferred to "Matthew Boloff," and at such time, Plaintiff asked for and Mr. Boloff agreed to send CPS notice that the debt had been paid in full in January 2011.

32. On May 24, 2011, Plaintiff called Mr. Boloff, who told Plaintiff there was nothing he could do and he would not send notice to CPS that the debt had been settled in full.

33. On or about June 20, 2011, JDC, itself and on behalf of CPS, called Plaintiff's residential telephone line, and at such time, JDC demanded payment for an alleged debt owned by CPS.

34. The alleged debt for which JDC, itself and on behalf of CPS, demanded payment was the same debt which Plaintiff settled in January 2011, and as such, Plaintiff did not owe the amount demanded by Defendants.

35. Defendants' actions constitute conduct highly offensive to a reasonable person.

### COUNT I—VIOLATIONS OF 15 U.S.C. § 1692e(2)(A) DEFENDANT LANDIS

36. Plaintiff repeats and re-alleges each and every allegation above.

37.    Defendants violated FDCPA 15 U.S.C. § 1692e(2)(A) by falsely representing that Plaintiff's debt was still due and owing despite Plaintiff's $350.00 payment made as settlement in full.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Landis violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF 15 U.S.C. § 1692e(10) DEFENDANT LANDIS

38.    Plaintiff repeats and re-alleges each and every allegation above.

39.    Defendant violated FDCPA 15 U.S.C. § 1692e(10) by falsely representing that Plaintiff's debt was still due and owing despite Plaintiff's $350.00 payment made as settlement in full.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Landis violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—VIOLATIONS OF 15 U.S.C. § 1692e(2)(A) DEFENDANT CPS

40.   Plaintiff repeats and re-alleges each and every allegation above.

41.   Defendants violated FDCPA 15 U.S.C. § 1692e(2)(A) by falsely representing that Plaintiff's debt was still due and owing despite Plaintiff's $350.00 payment made as settlement in full.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that CPS violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV—VIOLATIONS OF 15 U.S.C. § 1692e(8)
### DEFENDANT CPS

42.     Plaintiff repeats and re-alleges each and every allegation above.

43.     Defendant violated FDCPA 15 U.S.C. § 1692e(8) by reporting Plaintiff's debt as delinquent and outstanding, credit information which Defendant knew or should have known to be false.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CPS violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V—VIOLATIONS OF 15 U.S.C. § 1692e(10)
## DEFENDANT CPS

44.    Plaintiff repeats and re-alleges each and every allegation above.

45.    Defendant violated FDCPA 15 U.S.C. § 1692e(10) by falsely representing that Plaintiff's debt was still due and owing despite Plaintiff's $350.00 payment made as settlement in full.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CPS violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI —VIOLATIONS OF 15 U.S.C. § 1692e(2)(A)
## DEFENDANT JDC

46.     Plaintiff repeats and re-alleges each and every allegation above.

47.     Defendants violated FDCPA 15 U.S.C. § 1692e(2)(A) by falsely representing that Plaintiff's debt was still due and owing despite Plaintiff's $350.00 payment made as settlement in full.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that JDC violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII—VIOLATIONS OF 15 U.S.C. § 1692e(10)
## DEFENDANT JDC

48.     Plaintiff repeats and re-alleges each and every allegation above.

49.     Defendant violated FDCPA 15 U.S.C. § 1692e(10) by falsely representing that Plaintiff's debt was still due and owing despite Plaintiff's $350.00 payment made as settlement in full.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that JDC violated the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII—VIOLATIONS OF TEX. FIN. CODE § 392.304(a)(8) DEFENDANT LANDIS

50.     Plaintiff repeats and re-alleges each and every allegation above.

51.     Defendant Landis violated the Texas Debt Collection Practices Act in one or more of the following ways:

a.  Defendant violated Tex. Fin. Code § 392.304(a)(8) by falsely representing that Plaintiff's debt was still due and owing despite Plaintiff's $350.00 payment made as settlement in full.

b.  Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant Landis violated the TDCPA;

b)  Awarding Plaintiff statutory damages pursuant to the TDCPA;

c)  Awarding Plaintiff actual damages pursuant to the TDCPA;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX—VIOLATIONS OF TEX. FIN. CODE § 392.304(a)(19) DEFENDANT LANDIS

52.  Plaintiff repeats and re-alleges each and every allegation above.

53.  Defendant Landis violated the Texas Debt Collection Practices Act in one or more of the following ways:

    a.  Defendant violated Tex. Fin. Code § 392.304(a)(19) by falsely

        representing that Plaintiff's debt was still due and owing despite

        Plaintiff's $350.00 payment made as settlement in full.

    b.  Using false representations or deceptive means to collect a debt or

        obtain information concerning a consumer, including (Tex Fin Code §

        392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant Landis violated the TDCPA;

    b)  Awarding Plaintiff statutory damages pursuant to the TDCPA;

    c)  Awarding Plaintiff actual damages pursuant to the TDCPA;

    d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in

        this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as

        may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and

        proper.

## COUNT X—VIOLATIONS OF TEX. FIN. CODE § 392.304(a)(8)
## DEFENDANT CPS

54.    Plaintiff repeats and re-alleges each and every allegation above.

55.    Defendant CPS violated the Texas Debt Collection Practices Act in

one or more of the following ways:

a. Defendant violated Tex. Fin. Code § 392.304(a)(8) by falsely representing that Plaintiff's debt was still due and owing despite Plaintiff's $350.00 payment made as settlement in full.

b. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant CPS violated the TDCPA;

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI—VIOLATIONS OF TEX. FIN. CODE § 392.304(a)(19) DEFENDANT CPS

56.    Plaintiff repeats and re-alleges each and every allegation above.

57.    Defendant CPS violated the Texas Debt Collection Practices Act in one or more of the following ways:

a. Defendant violated Tex. Fin. Code § 392.304(a)(19) by falsely representing that Plaintiff's debt was still due and owing despite Plaintiff's $350.00 payment made as settlement in full.

b. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant CPS violated the TDCPA;

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII —VIOLATIONS OF TEX. FIN. CODE § 392.304(a)(8) DEFENDANT JDC

58. Plaintiff repeats and re-alleges each and every allegation above.

59. Defendant JDC violated the Texas Debt Collection Practices Act in one or more of the following ways:

a. Defendant violated Tex. Fin. Code § 392.304(a)(8) by falsely representing that Plaintiff's debt was still due and owing despite Plaintiff's $350.00 payment made as settlement in full.

b. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant JDC violated the TDCPA;

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII—VIOLATIONS OF TEX. FIN. CODE § 392.304(a)(19) DEFENDANT JDC

60.    Plaintiff repeats and re-alleges each and every allegation above.

61.    Defendant JDC violated the Texas Debt Collection Practices Act in one or more of the following ways:

a.  Defendant violated Tex. Fin. Code § 392.304(a)(19) by falsely

representing that Plaintiff's debt was still due and owing despite

Plaintiff's $350.00 payment made as settlement in full.

b.  Using false representations or deceptive means to collect a debt or

obtain information concerning a consumer, including (Tex Fin Code §

392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant JDC violated the TDCPA;

b)  Awarding Plaintiff statutory damages pursuant to the TDCPA;

c)  Awarding Plaintiff actual damages pursuant to the TDCPA;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in

this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as

may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and

proper.

## COUNT XIV—VIOLATIONS OF THE DTPA
## DEFENDANT LANDIS

62.     Plaintiff repeats and re-alleges each and every allegation by reference

herein all prior paragraphs above.

63.     A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.  Tex. Fin. Code. Ann. § 392.404(a)

64.     Defendant Landis violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant Landis violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b)  Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c)  Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT XV—VIOLATIONS OF THE DTPA
## DEFENDANT CPS

65.     Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

66.    A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.  Tex. Fin. Code. Ann. § 392.404(a)

67.    Defendant CPS violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant CPS violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XVI—VIOLATIONS OF THE DTPA
## DEFENDANT JDC

68.    Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

69.     A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.  Tex. Fin. Code. Ann. § 392.404(a)

70.     Defendant JDC violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant JDC violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b)  Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c)  Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Southern District Bar No. 1045205
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)

## CERTIFICATE OF SERVICE

I certify that on December 22, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz